UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:11-cr-00079-GFVT-HAI-6 |
| | ) | |
| V. | ) | |
| | ) | |
| SHANE COLLINS, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Recommended Disposition [R. 233] filed by United States Magistrate Judge Hanly A. Ingram.  The Defendant Shane Collins is charged with two violations of his supervised release conditions.  *Id.* at 1-2.  For the reasons that follow, the Recommended Disposition [R. 233] will be adopted.

Judgment was originally entered against Mr. Collins in February 2013, after he pled guilty to one count of conspiracy to distribute oxycodone and methadone and one count of possession of a firearm in furtherance of a drug trafficking offense.  [*Id*. at 1; R. 187.]  At that time, Mr. Collins was sentenced to 111 months of imprisonment, followed by a three-year term of supervised release.  [R. 233 at 1.]  Mr. Collins was released from custody and began his initial term of supervised release on July 11, 2019.  *Id.* at 1.

On February 13, 2020, the United States Probation Office issued a Supervised Release Violation Report initiating these proceedings.  *Id.* at 1.  Mr. Collins made his initial appearance on February 25, 2020 and was remanded to custody at that time.  [*Id.* at 2; R. 230.]  The Report

issued by the USPO charged Mr. Collins with two violations, each stemming from failures to stay in touch with his probation officer. [R. 233 at 1–2.] Specifically, Violation #1 alleges that Mr. Collins violated the condition of his supervised release which requires him to report to his probation officer as directed. *Id.* at 1. This conduct would constitute a Grade C violation. *Id.* at 2. Violation #2 alleges that Mr. Collins violated the condition which requires him to notify his probation officer at least ten days before a change in residence or employment. *Id.* This conduct would also constitute a Grade C violation. *Id.*

At the final hearing on March 3, 2020, Mr. Collins competently entered a knowing, voluntary, and intelligent stipulation to both violations as charged in the Report. [See *id*. at 2; R. 232.] The parties did not offer a jointly recommended sentence. [R. 233 at 3–4.] The United States argued for four months imprisonment followed by thirty-six months of supervised release. *Id.* Defense counsel argued for no revocation and four months of house arrest. *Id.* at 4. On March 5, 2020, Judge Ingram issued a Recommended Disposition which recommended revocation of Mr. Collins' supervised release and a term of imprisonment of time served, along with twelve weekends of intermittent confinement, followed by 36 months of supervised release. *Id.* at 7–8.

Judge Ingram appropriately considered the 18 U.S.C. § 3553 factors, as incorporated into 18 U.S.C. § 3583(e), in coming to his recommendation. *Id.* at 6. There are multiple factors that cut against imposing a severe sentence in this case. First, the current violations arising from Mr. Collins' failure to report to his probation officer are not directly tied to his underlying convictions—conspiracy to distribute illegal drugs and possession of a firearm. *Id.* And, as noted by Judge Ingram, Mr. Collins has been drug-free for eight years. *Id.* Additionally, the record indicates that Mr. Collins is a hard worker, has stayed clean, and is taking responsibility

for his family.  *Id.* at 6–7.

This established, the Court reminds Mr. Collins that the primary wrong in the supervised release context is the violation of the Court's trust.  In light of the present violations, the breach of both the Court and probation's trust weighs heavily.  *Id.* at 6.  On this issue, Judge Ingram noted that Mr. Collins appeared to make a heartfelt promise to do better at the final hearing.  *Id.* In the end, the sentence recommended by Judge Ingram successfully impresses on Mr. Collins the importance of complying with his supervised release conditions, while allowing him to continue taking positive steps towards becoming a productive member of society.

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Recommended Disposition further advises the parties that objections must be filed within five (5) days of service.  *Id.* at 8; *see* 28 U.S.C. § 636(b)(1).  More than two weeks have now passed and no objections have been filed, and Defendant Collins recently submitted a waiver of allocution. [*See* R. 234.]  Generally, this Court must make a *de novo* determination of those portions of the Recommended Disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, as in this case, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard."  *See Thomas v. Arn*, 474 U.S. 140, 151 (1985).  Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has examined the record and agrees with Magistrate Judge Ingram's Recommended Disposition.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Recommended Disposition [**R. 233**] as to Defendant Shane Collins is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Collins is found to have violated the terms of his Supervised Release as set forth in the Report filed by the U.S. Probation Officer and the Recommended Disposition of the Magistrate Judge;

3. Defendant Collins' Supervised Release is **REVOKED**;

4. Defendant Collins is **SENTENCED** to:

   a. A term of imprisonment of time served;

   b. Twelve consecutive weekends of intermittent confinement on a schedule arranged by USPO to not interfere with Mr. Collins' work schedule;

   c. An additional 36 months of supervised release under the conditions originally imposed, along with the intermittent-confinement condition.

This the 14th day of April, 2020.

Gregory F. Van Tatenhove
United States District Judge