UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>    Plaintiff, )<br>)<br>V. )<br>)<br>SHANE COLLINS, )<br>)<br>)<br>    Defendant. | Crim. No. 6:11-cr-00079-GFVT-HAI-6<br><br>**ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram.  [R. 266.]  Defendant Shane Collins has been charged with violating his terms of supervised release.  In February of 2013, this Court sentenced Mr. Collins to 111 months imprisonment followed by a three-year term of supervised release following his guilty plea to conspiracy to distribute oxycodone and methadone.  [R. 187.]

Mr. Collins began his term of supervised release on July 11, 2019.  Less than one year later, on February 13, 2020, the USPO issued a Supervised Release Violation Report that charged Mr. Collins with two violations related to a failure to report as directed and moving away from his home in violation of his terms of supervised release.  [R. 236.]  Mr. Collins was sentenced to time served, followed by a new 36-month term of supervision which included twelve consecutive weekends of home confinement in lieu of an intermittent-confinement condition.  [*Id.*]  Mr. Collins was subsequently release on April 14, 2020 but was required to fulfill his weekend home-confinement condition.

On April 5, 2021, the USPO again issued a Supervise Release Violation Report that charged Mr. Collins with one violation. Specifically, Mr. Collins was found to have left his home and changed his cell phone number in violation of his intermittent-home-confinement condition. [*See* R. 266 at 2.] This was a Grade-C violation.

Judge Ingram conducted an initial appearance on May 4, 2021 and scheduled a final hearing for June 3, 2021. [*Id.*] Prior to the final hearing, the USPO issued an Addendum to the Report charging Mr. Collins with two additional violations related to a subsequent USPO visit to Mr. Collins' home: a Grade-B violation for using methamphetamine and marijuana[1] and a Grade-B violation for committing another federal, state, or local crime in relation to his drug use. [*Id.*] At the final hearing, Mr. Collins entered a knowing, voluntary, and intelligent stipulation to all violations. [*Id.*]

After the final hearing, Judge Ingram carefully reviewed the entire record and considered the section 3553 factors in making his recommended disposition. Judge Ingram determined that Mr. Collins' admitted violations would qualify as two Grade-C violations and one Grade-B violation, and given Mr. Collins' criminal history category of II, his imprisonment range under USSG § 7B1.4(a) was six-to-twelve months. [R. 266 at 4.] Further, Judge Ingram found that Mr. Collins' conviction does not carry a maximum term of supervised release. [*Id.* at 5.] In making his recommendation, Judge Ingram: (1) considered the underlying nature of Mr. Collins' drug trafficking crime serious; (2) noted the escalation in Mr. Collins' supervised release violations and the threat to the public that his methamphetamine use brings; (3) emphasized the prior leniency that this Court has given Mr. Collins, to no avail; and (4) recognized Mr. Collins' need for additional mental health treatment. [R. 266 at 7–8.] Judge Ingram made the following

---

[1] Judge Stinnett properly considered what would have been a Grade-C violation to a Grade-B violation in light of Mr. Collins' prior drug conviction.

recommendations: (1) Mr. Collins be found guilty of all three violations; (2) revocation with a term of imprisonment of ten (10) months; and (3) upon release, imposition of a new twenty-four-month (24) term of supervised release under this Court's previous conditions [R. 236] with the added condition that Mr. Collins must fully comply with any mental health treatment at the direction and discretion of the probation officer. [*Id.*]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. [*Id.*]; *see* 28 U.S.C. § 636(b)(1). Mr. Collins has not filed any objections to Judge Ingram's Report and Recommendation. Further, on July 20, 2021, Mr. Collins filed a waiver of allocution. [R. 267.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no objections are made, as in this case, the Court is not required to "review… a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn,* 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing to a district court's order adopting that report and recommendation. *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition.

Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation made as to Defendant Shane Collins **[R. 266]** is **ADOPTED** as and for the opinion of the Court;

2. Mr. Collins is found **GUILTY** of all three violations;

3. Mr. Collins is **SENTENCED** to a **ten-month (10) term** of imprisonment;

4. Supervised release is **REIMPOSED** for a period of **twenty-four (24) months** under this Court's previous conditions [R. 236] with the added condition that Mr. Collins must fully comply with any mental health treatment at the direction and discretion of the probation officer.

This the 11th day of August, 2021.

Gregory F. Van Tatenhove
United States District Judge